GEORGE ELLIS *vs.* JOHN RIDGWAY & another.

An award in an action on an account annexed, for a sum not greater than the amount of the account, with interest to the time of the finding, may be accepted.

The superior court may allow an amendment of a writ by increasing the *ad damnum* from $1500 to $2900, at any time before final judgment, although the defendants' are aliens and the case has been referred to arbitrators.

CONTRACT against residents of England, on an account annexed. The amount of the bill of particulars, with interest to October 31 1857, was $1751.07. The *ad damnum* in the writ was $1500. By agreement, the case was referred to arbitrators, who reported, on the 1st of December 1859, that the defendants owed the plaintiff in the action, on the cause of action therein declared on, the sum of $1959.48. The defendants objected, in the superior court, to the acceptance of the award, on the ground that it was for a greater sum than the *ad damnum*, or the amount of the bill of particulars. The plaintiff moved for leave to amend the writ by increasing the *ad damnum* to $2900, which was allowed by *Vose*, J., and the award was accepted. The defendants alleged exceptions.

*G. M. Browne*, for the defendants. In England this award would be bad. *Bonner* v. *Charlton*, 5 East, 139. *Hayward* v. *Phillips*, 6 Ad. & El. 119. *Kenrick* v. *Phillips*, 7 M. & W. 415. *Prentice* v. *Reed*, 1 Taunt. 151. No amendment can be allowed after a reference, without giving to the opposite party the option to decline going on, or to plead *de novo*. *Ashworth* v. *Heathcote*, 6 Bing. 596. *Blunt* v. *Cooke*, 4 Man. & Gr. 458. *Cross* v. *Metcalfe*, 5 Ad. & El. 800. *Green* v. *Gill*, 5 Mass. 379. *Eaton* v. *Whitaker*, 6 Pick. 465. *Tinkham* v. *Smith*, 9 Pick. 33. The defendants might have been willing to intrust to these arbitrators a case involving $1500, but quite unwilling to intrust to them a case involving a much larger amount. Besides, they were aliens, and would have had a right of appeal to the supreme court of the United States, if the original *ad damnum* had been $2900, which they could not do if it was only $1500

*B. F. Brooks & J. D. Ball*, for the plaintiff.

BIGELOW, C. J. The award of the referees did not exceed the submission. The matter at issue between .the parties when the rule of reference was entered into was, whether the defendants owed the plaintiff the amount specified in the bill of particulars. This was the precise question submitted to the referees. The award expressly finds that the sum awarded is on the cause of action declared on, and it does not exceed the amount of the items annexed to the declaration, with interest thereon. It is clear, therefore, that the arbitrators did not go beyond their authority, but adjudicated on the exact case submitted to them.

The amendment of the *ad damnum* was rightly allowed, and was within the authority conferred on the court by Gen. Sts., *c.* 129, § 41, which provides, that the court may allow amendments at any time before final judgment in any matter of form or substance which may enable the· plaintiff to sustain the action for the cause for which it was intended to be brought. Such an amendment has been often allowed in our practice. *Danielson* v. *Andrews*, 1 Pick. 156. *Cragin* v. *Warfield*, 13 Met. 215. *Exceptions overruled.*